MICHAEL J. HADDAD (State Bar No. 189114)
JULIA SHERWIN  (State Bar No. 189268)
HADDAD & SHERWIN
505 Seventeenth Street
Oakland, California  94612
Telephone: (510) 452-5500
Fax: (510) 452-5510

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GRASON, Individually,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE, a public entity, SAN JOSE CHIEF OF POLICE ROBERT DAVIS, in his individual and official capacities, POLICE OFFICER VIDA, #3404, individually, and DOES 1 through 10, Jointly and Severally,<br><br>　　　　Defendants. | **COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff, by and through his attorneys, HADDAD & SHERWIN, for his Complaint against Defendants, states as follows:

**JURISDICTION**

1.　　This is a civil rights action arising from Defendants' unreasonable seizure and use of excessive force against Plaintiff KENNETH GRASON ("GRASON"), on or about July 14, 2006, in the City of San Jose, County of Santa Clara, California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 USC §§

1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.

## INTRADISTRICT ASSIGNMENT

2. A substantial part of the events and/or omissions complained of herein occurred in Santa Clara County, California, and this action is properly assigned to the San Jose Division of the United States District Court for the Northern District of California.

## PARTIES AND PROCEDURE

3. Plaintiff KENNETH GRASON is a resident of the CITY OF SAN JOSE.

4. Defendant CITY OF SAN JOSE is a public entity established and maintained by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the San Jose Police Department ("SJPD"), and employs and/or is responsible for other defendants in this action.

5. Defendant SAN JOSE CHIEF OF POLICE ROBERT DAVIS at all material times was the Chief of Police for the San Jose Police Department, and was acting within the course and scope of that employment. He is sued in his individual and official capacities.

6. Defendant POLICE OFFICER VIDA, #3404 ("VIDA") at all material times was employed as a police officer by Defendant CITY OF SAN JOSE, and was acting within the course and scope of that employment.

8. The true names and capacities of Defendants sued herein as DOES 1-10 ("DOE defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. Each DOE defendant was an employee/agent of the CITY OF SAN JOSE and the SJPD, and at all material times acted within the course and scope of that relationship.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of Defendants VIDA and other DOE Defendants.

10. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

12. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the CITY OF SAN JOSE.

13. The acts and omissions of Defendants VIDA, and DOES 1-10 as set forth herein at all material times were pursuant to the actual customs, policies, practices and procedures of the CITY OF SAN JOSE and SJPD.

14. This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## GENERAL ALLEGATIONS

15. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

16. On or about on or about July 14, 2006, in the City of San Jose, County of Santa Clara, California, at approximately 9:30 pm, Plaintiff GRASON was walking in the area of the San Jose International Airport. At that time, Plaintiff GRASON was under physicians' care for schizophrenia, however, due to recent changes in his prescription medication, Mr. GRASON's schizophrenia was not controlled. Mr. GRASON was a disabled individual in need of medical care and assistance.

17. Mr. GRASON encountered Defendant VIDA. At that time, Plaintiff GRASON obviously was an emotionally disturbed person, requiring medical care and special police procedures and tactics. Defendant VIDA failed to use appropriate procedures and tactics in his interaction with Mr. GRASON, ultimately arresting Plaintiff, using excessive and unnecessary force against Plaintiff causing great bodily injury to Plaintiff, and calling for backup.

18. When backup SJPD officers arrived, DOES 1-10, together with Defendant VIDA, continued to strike Plaintiff with their fists, feet, batons, and possibly other weapons while Plaintiff was on the ground, defenseless. Defendants' use of excessive

force includes, but is not limited to, repeatedly striking Plaintiff's legs with batons. Defendants also used control holds and other physical tactics constituting excessive force under the circumstances that on information and belief caused injury to Plaintiff. From the point that backup officers arrived, Plaintiff's status as an emotionally disturbed person, requiring medical care and special police procedures and tactics, remained obvious and apparent.

19.     Plaintiff was taken from the scene in an ambulance with severe injuries that Defendants, through their use of unnecessary and excessive force, caused, including: multiple displaced fractures of his left tibia and fibula (left lower leg); multiple fractures of his right lateral malleolus (right foot); multiple rib fractures resulting in left sided pneumothorax; multiple contusions and sprains.  These injuries caused Plaintiff to be admitted to the Santa Clara Valley Medical Center for eleven days.

20.      At all times during Plaintiff's contact with Defendants, Plaintiff behaved peacefully and lawfully.  Plaintiff never displayed any weapon or threatened anyone in any way.

21.     Although Defendants attempted to have Plaintiff charged with multiple crimes as a result of this incident, no criminal charges were ever filed against Plaintiff.

22.     The force used by Defendants against Plaintiff was unjustified and objectively unreasonable under the circumstances.

23.     Defendants' seizure of Plaintiff was done without probable cause, reasonable suspicion, or other legal right, lasted an excessive amount of time, and was conducted unreasonably.

COMPLAINT AND JURY DEMAND                                                                                        5

24. Alternatively, or concurrently, Defendants' own excessive and unreasonable actions created the situation in which Defendants decided to use force against Plaintiff, and caused an escalation of events leading to their use of force against and injury to Plaintiff GRASON.

25. Defendants' unreasonable seizure and use of excessive force against Plaintiff was done at least in part because of Plaintiff's psychiatric disability.

26. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiff's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

27. Since that day, Plaintiff has required continuing medical treatment for his injuries caused by Defendants. Plaintiff has incurred substantial medical bills.

28. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

    a. Severe physical injuries requiring surgery and other medical treatment, including but not limited to multiple displaced fractures of his left tibia and fibula (left lower leg); multiple fractures of his right lateral malleolus (right foot); multiple rib fractures resulting in left sided pneumothorax; multiple contusions and sprains;

    b. Wrongful seizure and imprisonment;

    c. Failure to accommodate his psychiatric disability and discrimination;

    d. Pain and suffering, including emotional distress;

    e. Medical expenses;

    f. Violation of constitutional rights;

  g. All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law.

29. Defendants have refused to provide Plaintiff GRASON, through his counsel, with a copy of any police reports or records, or with information contained within such reports and records, despite Plaintiff's proper written request under the California Public Records Act made on December 6, 2006.

30. Plaintiff filed a timely claim with Defendant CITY OF SAN JOSE pursuant to California Government Code § 910 et seq. on December 6, 2006.  Defendant CITY OF SAN JOSE has never acted to approve or reject that claim.

**COUNT ONE**
**-- 42 USC §1983 --**
**DEFENDANTS VIDA AND DOES 1-10**

31. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

32. By the actions and omissions described above, Defendants VIDA and DOES 1-10 violated 42 USC §1983, depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

  a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

  b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.

33. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraph 28, above.

COMPLAINT AND JURY DEMAND 7

34. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

35. The conduct of Defendants VIDA and DOES 1-10 entitles Plaintiff to punitive damages and penalties allowable under 42 USC §1983 and California law.

36. Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and law.

**COUNT TWO
- 42 USC §1983 – Supervisory and Municipal Liability
<u>DEFENDANTS CITY OF SAN JOSE, ROBERT DAVIS,
AND DOES 1-10</u>**

37. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

38. On information and belief, the unconstitutional actions and/or omissions of Defendants VIDA and DOES 1-10, as well as other officers employed by or acting on behalf of Defendants CITY OF SAN JOSE and SJPD, were pursuant to the following customs, policies, practices, and/or procedures of the SJPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by DEFENDANT ROBERT DAVIS and other policy making officers for the CITY OF SAN JOSE and the SJPD:

    a. To use or tolerate the use of excessive and/or unjustified force, including in the use of batons, defensive tactics, and application of control holds during the seizure of a person;

    b. To engage in or tolerate unreasonable seizures;

    c. To fail to use appropriate and generally accepted law enforcement procedures to handling emotionally disturbed persons;

      d.      To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the use of control holds;

      e.      To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning handling emotionally disturbed persons;

      f.      To cover-up violations of constitutional rights by any or all of the following:

           i.   by failing to properly investigate and/or evaluate complaints or incidents of unlawful seizures, excessive force, and/or handling of emotionally disturbed persons;

           ii.   by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

           iii.  by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

      g.     To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department or hold another member accountable for official misconduct; and,

      h.     To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct, including claims made under California Government Code § 910 et seq.

39.    Defendants CITY OF SAN JOSE, SJPD, DAVIS, and DOES 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants VIDA other DOES 1-10, and other law enforcement personnel, with deliberate indifference to Plaintiff's Constitutional rights, which were thereby violated as described above.

40. The unconstitutional actions and/or omissions of Defendants VIDA and other law enforcement personnel, as described above, were approved, tolerated and/or ratified by Defendant DAVIS and other policy making officers for the SJPD. Plaintiff is informed and believes, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within the CITY OF SAN JOSE and the SJPD, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the CITY OF SAN JOSE and the SJPD, including Defendant DAVIS, have approved of the conduct of Defendants VIDA and other Police Department personnel, and have made a deliberate choice to endorse the decisions of those defendant officers and the basis for those decisions. By so doing, the authorized policy makers within the CITY OF SAN JOSE and the SJPD, including Defendant DAVIS have shown affirmative agreement with the individual defendant officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

41. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct by Defendants CITY OF SAN JOSE, SJPD, DAVIS, and DOES 1-10, were a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly-established and well-settled constitutional rights in violation of 42 USC §1983, as more fully set forth in Paragraph 32, above.

42. Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and with conscious and reckless

disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

43. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF SAN JOSE, SJPD, and DOES 1-10, as described above, Plaintiff sustained serious injury and is entitled to damages, penalties, costs and attorney fees as set forth in paragraphs 33-36, above, and punitive damages against DOES 1-10 in their individual capacities.

**COUNT THREE
-- VIOLATION OF CIVIL CODE §52.1 --
ALL DEFENDANTS**

44. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

45. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

    d. The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

    e. The right to be free from unlawful and unreasonable seizure of one's person as secured by the California Constitution, Article 1, Section 13;

      f. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13;

      g. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

46. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's rights under the United States and California Constitutions and statutes, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 33-36, and all damages allowed by California Civil Code §§52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

**COUNT FOUR**
**-- VIOLATION OF CALIFORNIA CIVIL CODE §51.7 --**
**ALL DEFENDANTS**

47. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

48. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights secured by California Civil Code §51.7 to be free from any violence, or intimidation by threat of violence, committed against his person or property because of his psychiatric disability.

49. As a direct and proximate result of Defendants' violation of California Civil Code §51.7, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 33-36, and all damages allowed by California Civil Code §§52, 51.7, and California law, not limited to attorney fees, costs, treble damages, and civil penalties.

# COUNT FIVE
## -- NEGLIGENCE; PERSONAL INJURIES --
## ALL DEFENDANTS

50. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

51. At all times, each Defendant owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

52. At all times, each Defendant owed Plaintiff the duty to act with reasonable care.

53. These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;

   b. to refrain from wrongfully arresting and/or detaining Plaintiff;

   c. to use generally accepted police procedures and tactics that are reasonable and appropriate for Plaintiff's status as an emotionally disturbed person;

   d. to refrain from abusing their authority granted them by law;

   e. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

54. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY OF SAN JOSE, SJPD, DAVIS, and Does 1-10, include but are not limited to the following specific obligations:

   a. to properly and adequately hire, investigate, train, supervise, monitor and discipline their employees, agents, and/or SJPD officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

      b.      to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiff's;

      c.      to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 38, above.

55. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

56. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 33-36.

### COUNT SIX
### -- ASSAULT AND BATTERY --
### **DEFENDANTS VIDA, DOES 1-10, AND CITY OF SAN JOSE**

57. Plaintiff realleges each and every paragraph in this complaint as if fully set forth here.

58. The actions and omissions of Defendants as set forth above constitute assault and battery.

59. As a direct and proximate result of Defendants' assault and battery of Plaintiff, Plaintiff sustained injuries and damages, and is entitled to relief as set forth above at ¶¶ 33-36.

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

      a.      compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

      b.      punitive damages under 42 USC §1983 and California law in an amount according to proof and which is fair, just, and reasonable;

      c.    all other damages, penalties, costs, interest, and attorney fees as allowed by 42 USC §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, 51.7, Cal. Code of Civ. Proc. 1021.5, and as otherwise may be allowed by California and/or federal law;

      d.    Injunctive relief, including but not limited to the following:

           i.    an order prohibiting Defendants and their police officers from unlawfully interfering with the rights of Plaintiff and others to be free from unreasonable searches and seizures and excessive and unreasonable force;

           ii.    an order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for handling emotionally disturbed persons, including in the seizure and use of force against such persons;

           iii.    an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

           iv.    an order requiring Defendants to train all SJPD Officers concerning generally accepted and proper tactics and procedures for handling emotionally disturbed persons and this Court's orders concerning the issues raised in injunctive relief requests i-iii, above;

      e.    such other and further relief as presented by the evidence in this case and as this Court may deem appropriate.

DATED: July 17, 2007                HADDAD & SHERWIN

                                      /s/_____
                                      MICHAEL J. HADDAD
                                      Attorneys for Plaintiff

1  **<u>JURY DEMAND</u>**

2    Plaintiff hereby requests a trial by jury.

3

4  DATED:  July 17, 2007                    HADDAD & SHERWIN

5

6                                           /s/_____
                                            MICHAEL J. HADDAD
7                                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28