1  RICHARD DOYLE, City Attorney (#88625)
2  NORA FRIMANN, Chief Trial Attorney (#93249)
   MICHAEL J. DODSON, Sr. Deputy City Attorney (#159743)
3  MICHAEL R. GROVES, Sr. Deputy City Attorney (#85620)
   NKIA RICHARDSON, Deputy City Attorney (#193209)
4  Office of the City Attorney
   200 East Santa Clara Street
5  San José, California  95113-1905
   Telephone Number: (408) 535-1900
6  Facsimile Number:  (408) 998-3131
   E-Mail Address:  cao.main@sanjoseca.gov

7  Attorneys for Defendants,
   CITY OF SAN JOSE, ROBERT DAVIS and OFFICER VIDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH GRASON, Individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, a public entity, SAN JOSE CHIEF OF POLICE ROBERT DAVIS, in his individual and official capacities, POLICE OFFICER VIDA, #3404, individually, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | Case Number:  C07-03687 PVT<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants City of San Jose, San Jose Chief of Police Robert Davis, and Police Officer Vida hereby respond to the Complaint of Plaintiff Kenneth Grason in the above entitled matter as follows:

    1.    Answering paragraph 1 of Plaintiff's Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

    2.    Answering paragraph 2 of Plaintiff's Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

1

1   3.   Answering paragraph 3 of Plaintiff's Complaint, Defendants lack sufficient
2   information and belief and, therefore, deny the allegations contained therein.
3   4.   Answering paragraph 4 of Plaintiff's Complaint, Defendants admit that the City
4   of San Jose is a public entity under the laws of the Constitution of the State of California and
5   that it employs Defendants Chief of Police Robert Davis and Police Officer Vida. Defendants
6   deny that they are "responsible" for other Defendants in this action.
7   5.   Answering paragraph 5 of Plaintiff's Complaint, Defendants admit the
8   allegations contained therein with the exception of the allegation that Police Chief Robert
9   Davis is sued in his individual and official capacities. As to that allegation, Defendants lack
10  sufficient information and belief and, therefore, deny that allegation.
11  6.   Answering paragraph 6 of Plaintiff's Complaint, Defendants admit the
12  allegations contained therein.
13  (The Complaint contains no paragraph 7).
14  8.   Answering paragraph 8 of Plaintiff's Complaint, Defendants lack sufficient
15  information and belief and, therefore, deny the allegations contained therein.
16  9.   Answering paragraph 9 of Plaintiff's Complaint, Defendants deny the
17  allegations contained therein.
18  10.  Answering paragraph 10 of Plaintiff's Complaint, Defendants deny the
19  allegations contained therein.
20  11.  Answering paragraph 11 of Plaintiff's Complaint, Defendants deny the
21  allegations contained therein.
22  12.  Answering paragraph 12 of Plaintiff's Complaint, Defendants lack sufficient
23  information and belief and, therefore, deny the allegations contained therein.
24  13.  Answering paragraph 13 of Plaintiff's Complaint, Defendants deny the
25  allegations contained therein.
26  14.  Answering paragraph 14 of Plaintiff's Complaint, Defendants lack sufficient
27  information and belief and, therefore, deny the allegations contained therein.
28

15. Defendants hereby incorporate their answer to paragraphs 1 through 14, above, as if fully set forth herein.

16. Answering paragraph 16 of Plaintiff's Complaint, Defendants admit that on or about July 14, 2006 at approximately 9:30 pm, Plaintiff Grason was walking in the area of San Jose International Airport. As to the remaining allegations contained in paragraph 16, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

17. Answering paragraph 17 of Plaintiff's Complaint, Defendants deny that "Mr. Grason encountered Defendant Vida;" however it is admitted that Defendant Vida had contact with Mr. Grason at some point. Defendants deny that Plaintiff Grason "obviously was an emotional disturbed person, requiring medical care and special police procedures and tactics." As to the remaining allegations contained in paragraph 17, Defendants deny the allegations contained therein.

18. Answering paragraph 18 of Plaintiff's Complaint, Defendants admit that some level of reasonable force was used on Plaintiff Grason to overcome his resistance. However, Defendants deny the remaining allegations contained in paragraph 18.

19. Answering paragraph 19 of Plaintiff's Complaint, Defendants admit that Plaintiff was taken from the scene in an ambulance. As to the remaining allegations contained in paragraph 19, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

20. Answering paragraph 20 of Plaintiff's Complaint, Defendants admit that Plaintiff never displayed any weapon. However, Defendants deny all of the remaining allegations contained in paragraph 20.

21. Answering paragraph 21 of Plaintiff's Complaint, Defendants admit that Plaintiff was arrested and that all charges were later dismissed "in the interests of justice."

22. Answering paragraph 22 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

23. Answering paragraph 23 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

24. Answering paragraph 24 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

25. Answering paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26. Answering paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

27. Answering paragraph 27 of Plaintiff's Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

28. Answering paragraph 28 of Plaintiff's Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

29. Answering paragraph 29 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

30. Answering paragraph 30 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

31. Defendants hereby incorporate their answer to paragraphs 1 through 30, above, as if fully set forth herein.

32. Answering paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Answering paragraph 33 of Plaintiff's Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

34. Answering paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

35. Answering paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

36. Answering paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

Defendants' Answer to Plaintiff's Complaint
C07-03687 PVT
434196

37. Defendants hereby incorporate their answer to paragraphs 1 through 36, above, as if fully set forth herein.

38. Answering paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

39. Answering paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

40. Answering paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

41. Answering paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

42. Answering paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

43. Answering paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44. Defendants hereby incorporate their answer to paragraphs 1 through 43, above, as if fully set forth herein.

45. Answering paragraph 45 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

46. Answering paragraph 46 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47. Defendants hereby incorporate their answer to paragraphs 1 through 46, above, as if fully set forth herein.

48. Answering paragraph 48 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

49. Answering paragraph 49 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

50. Defendants hereby incorporate their answer to paragraphs 1 through 49, above, as if fully set forth herein.

51.   Answering paragraph 51 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

52.   Answering paragraph 52 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

53.   Answering paragraph 53 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

54.   Answering paragraph 54 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

55.   Answering paragraph 55 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

56.   Answering paragraph 56 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

57.   Defendants hereby incorporate their answer to paragraphs 1 through 56, above, as if fully set forth herein.

58.   Answering paragraph 58 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

59.   Answering paragraph 59 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that the Complaint fails to state a claim upon which relief can be granted

**Second Affirmative Defense:**

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that any harm Plaintiffs suffered was the result of negligent or otherwise wrongful conduct of persons other than these Defendants and that the conduct of persons other

Defendants' Answer to Plaintiff's Complaint
C07-03687 PVT

434196

than these Defendants were the sole and proximate cause of the injuries and damages alleged by Plaintiffs.

**Third Affirmative Defense:**

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that all actions taken, including actions of Doe Defendants, were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, and that such actions were not violations of clearly established constitutional law, entitling the individual Defendants to qualified immunity.

**Fourth Affirmative Defense:**

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from the state law causes of action pursuant to Government Code Sections 800-1000.

**Fifth Affirmative Defense:**

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants allege they are immune from the state law causes of action pursuant to Government Code Section 815.2(b) and Section 820.8 granting immunity for an injury caused by the act or omission of another person.

**Sixth Affirmative Defense:**

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' Complaint is barred in that Plaintiffs failed to comply with the claims filing provisions of Government Code § 900, et seq.

**Seventh Affirmative Defense:**

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' Complaint is barred by the applicable statutes of limitation.

//
//
//

**Eighth Affirmative Defense:**

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they were acting in self-defense.

**Ninth Affirmative Defense:**

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they were acting in the defense of others.

**Tenth Affirmative Defense:**

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individual Defendants, including those who are presently designated as Does, are entitled to immunity from Plaintiffs' Complaint by virtue of the provisions of Government Code of the State of California, Section 800 through 1000, including, but not limited to Sections 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 822.2.

**Eleventh Affirmative Defense:**

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are protected by the affirmative defenses provided by California Penal Code Sections 197, 834(a), 835 and 835(a).

//
//
//
//
//
//
//
//
//
//

WHEREFORE, these answering Defendants pray:

1. That Plaintiff takes nothing by his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit, including attorneys' fees incurred herein; and

4. For such other and further relief as the Court deems proper.

Dated: August 29, 2007                     RICHARD DOYLE, City Attorney

By: _____/s/_____
    MICHAEL J. DODSON
    Sr. Deputy City Attorney

Attorneys for Defendants,
CITY OF SAN JOSE, ROBERT DAVIS and OFFICER VIDA

## JURY TRIAL DEMAND

These answering Defendants hereby demand a jury trial.

Dated: August 29, 2007                     RICHARD DOYLE, City Attorney

By: _____/s/_____
    MICHAEL J. DODSON
    Sr. Deputy City Attorney

Attorneys for Defendants,
CITY OF SAN JOSE, ROBERT DAVIS and OFFICER VIDA