| | |
|---|---|
| 1 | RICHARD DOYLE, City Attorney (#88625) |
| 2 | NORA FRIMANN, Chief Trial Attorney (#93249)<br>MICHAEL R. GROVES, Sr. Deputy City Attorney (#85620) |
| 3 | MICHAEL J. DODSON, Sr. Deputy City Attorney (#159743)<br>NKIA RICHARDSON, Deputy City Attorney (#193209) |
| 4 | Office of the City Attorney<br>200 East Santa Clara Street |
| 5 | San José, California 95113-1905<br>Telephone Number: (408) 535-1900 |
| 6 | Facsimile Number: (408) 998-3131<br>E-Mail Address: cao.main@sanjoseca.gov |
| 7 | Attorneys for Defendants, |
| 8 | CITY OF SAN JOSE, ROBERT DAVIS, OFFICER PIERRE VIDA,<br>OFFICER RODNEY DANIELS, OFFICER STEPHEN GREENLEE, |
| 9 | SERGEANT JOE HERNANDEZ, OFFICER ANTHONY LUISI,<br>and OFFICER DAVID SANTIAGO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH GRASON, Individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, a public entity, SAN JOSE CHIEF OF POLICE ROBERT DAVIS, in his individual and official capacities, POLICE OFFICER VIDA, #3404, individually, and DOES 1 through 10, Jointly and Severally,<br><br>Defendants. | Case Number: C07-03687 JW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants City of San Jose, San Jose Chief of Police Robert Davis, Police Officer Pierre Vida, Police Officer Rodney Daniels, Police Officer Stephen Greenlee, Police Sergeant Joe Hernandez, Police Officer Anthony Luisi, and Police Officer David Santiago hereby respond to the First Amended Complaint of Plaintiff Kenneth Grason in the above matter as follows:

1

1. Answering paragraph 1 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

2. Answering paragraph 2 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief, and therefore, deny the allegations contained therein.

3. Answering paragraph 3 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

4. Answering paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit that the City of San Jose is a public entity under the laws of the Constitution of the State of California and that it employs Defendants Chief of Police Robert Davis, Police Officer Pierre Vida, Police Officer Rodney Daniels, Police Officer Stephen Greenlee, Police Sergeant Joe Hernandez, Police Officer Anthony Luisi, and Police Officer David Santiago. Defendants deny that they are "responsible" for other Defendants in this action.

5. Answering paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein with the exception of the allegation that Police Chief Robert Davis is used in his individual and official capacities. As to that allegation, Defendants lack sufficient information and belief and, therefore, deny that allegation.

6. Answering paragraphs 6 through 11 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

7. Answering paragraph 12 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

8. Answering paragraph 13 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

9. Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

10. Answering paragraph 15 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

11. Answering paragraph 16 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

1  12. Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendants admit that the individual Defendants were in the course and scope of their employment and acting under color of their authority as police officers. As to the remaining allegations, said allegations are vague and ambiguous and not understood by these Defendants and, therefore, Defendants deny said allegations.

13. Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendants admit that the individual Defendants were in the course and scope of their employment and acting under color of their authority as police officers. As to the remaining allegations, said allegations are vague and ambiguous and not understood by these Defendants and, therefore, Defendants deny said allegations.

14. Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

15. Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 19 above, as if fully set forth herein.

16. Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendants admit that on or about July 14, 2006 at approximately 9:30 pm, Plaintiff Grason was walking in the area of San Jose International Airport. As to the remaining allegations contained paragraph 21, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

17. Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendants deny that "Mr. Grason encountered Defendant Vida;" however it is admitted that Defendant Vida had contact with Mr. Grason at some point. Defendants deny that Plaintiff Grason "obviously was an emotional disturbed person, requiring medical care and special police procedures and tactics." As to the remaining allegations contained in paragraph 22, Defendants deny the allegations contained therein.

18. Answering paragraphs 23 and 24 of Plaintiff's First Amended Complaint, Defendants admit that some level or reasonable force was used on Plaintiff Grason to

overcome his resistance and his overt violence. However, Defendants deny the remaining allegations contained in paragraphs 23 and 24.

19. Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff was taken from the scene in an ambulance and was later diagnosed with a variety of injuries at the hospital. As to the remaining allegations contained in paragraph 25, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

20. Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff never displayed any weapon. However, Defendants deny all of the remaining allegations contained in paragraph 26.

21. Answering paragraph 27 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff was arrested and that all charges were later dismissed "in the interest of justice."

22. Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

23. Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

24. Answering paragraph 30 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

25. Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

26. Answering paragraph 32 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

27. Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

28. Answering paragraph 34 of Plaintiff's First Amended Complaint, Defendants lack sufficient information and belief and, therefore, deny the allegations contained therein.

29.  Answering paragraph 35 of Plaintiff's First Amended Complaint, Defendants admit the allegations contained therein.

(There is no paragraph 30 in this Answer).

31.  Answering paragraph 36 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 35 above, as if fully set forth herein.

32.  Answering paragraph 37 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

33.  Answering paragraph 38 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

34.  Answering paragraph 39 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

35.  Answering paragraph 40 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

36.  Answering paragraph 41 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

37.  Answering paragraph 42 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 41 above, as if fully set forth herein.

38.  Answering paragraph 43 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

39.  Answering paragraph 44 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

40.  Answering paragraph 45 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

41.  Answering paragraph 46 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

42.  Answering paragraph 47 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

43. Answering paragraph 48 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

44. Answering paragraph 49 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 48 above, as fully set forth herein.

45. Answering paragraph 50 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

46. Answering paragraph 51 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

47. Answering paragraph 52 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 though 51 above, as fully set forth herein.

48. Answering paragraph 53 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

49. Answering paragraph 54 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

50. Answering paragraph 55 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 54 above, as if fully set forth herein.

51. Answering paragraph 56 of Plaintiff's First Amended Complaint, although the phrases used by Plaintiff are not defined and, therefore, vague and ambiguous, Defendants generally admit the allegations contained therein as said phrases apply to the actions of police.

52. Answering paragraph 57 of Plaintiff's First Amended Complaint, although the phrases used by Plaintiff are not defined and, therefore, vague and ambiguous, Defendants generally admit the allegations contained therein as said phrases apply to the actions of police.

53. Answering paragraph 58 of Plaintiff's First Amended Complaint, although the phrases used by Plaintiff are not defined and, therefore, vague and ambiguous, Defendants generally admit the allegations contained therein as said phrases apply to the actions of police.

54. Answering paragraph 59 of Plaintiff's First Amended Complaint, although the phrases used by Plaintiff are not defined and, therefore, vague and ambiguous, Defendants generally admit the allegations contained therein as said phrases apply to the actions of police. However, Defendants deny they engaged in any of the actions, activities and/or policies discussed in paragraph 43 of Plaintiff's First Amended Complaint.

55. Answering paragraph 60 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

56. Answering paragraph 61 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

57. Answering paragraph 62 of Plaintiff's First Amended Complaint, Defendants hereby incorporate their answer to paragraphs 1 through 61 above, as fully set forth herein.

58. Answering paragraph 63 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

59. Answering paragraph 64 of Plaintiff's First Amended Complaint, Defendants deny the allegations contained therein.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense:

AS AND FOR A FIRST AFFIRMATIVE DEFENSE, these answering Defendants allege that the First Amended Complaint fails to state a claim upon which relief can be granted.

Second Affirmative Defense:

AS AND FOR A SECOND AFFIRMATIVE DEFENSE, these answering Defendants allege that any harm Plaintiff suffered was the result of negligent or otherwise wrongful conduct of persons other than these Defendants, and that the conduct of persons other than these Defendants, were the sole and proximate cause of the injuries and damages alleged by Plaintiff.

//

Third Affirmative Defense:

AS AND FOR A THIRD AFFIRMATIVE DEFENSE, these answering Defendants allege that all actions taken, including actions of Doe Defendants, were undertaken in good faith and with a reasonable belief that the actions were valid, necessary, constitutionally proper and objectively reasonable for a police officer in the same circumstances, and that such actions were not violations of clearly established constitutional law, entitling the individual Defendants to qualified immunity.

Fourth Affirmative Defense:

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from the state law causes of action pursuant to Government Code Section 800-1000.

Fifth Affirmative Defense:

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from the state law causes of action pursuant to Government Code Section 815.2(b) and Section 820.8 granting immunity for an injury caused by the act or omission of another person.

Sixth Affirmative Defense:

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's First Amended Complaint is barred in that Plaintiff failed to comply with the claims filing provisions of Government Code Section 900, et seq.

Seventh Affirmative Defense:

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that that Plaintiff's First Amended Complaint is barred by the applicable statutes of limitation.

Eighth Affirmative Defense:

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they are acting in self-defense.

Ninth Affirmative Defense:

AS AND FOR A NINTH AFFIRMATIVE DEFENSE, these answering Defendants allege that their conduct was privileged and not wrongful since they are acting in the defense of others and in self-defense.

Tenth Affirmative Defense:

AS AND FOR A TENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that the individual Defendants, including those who are presently designated as Does, are entitled to immunity from Plaintiff's First Amended Complaint by virtue of the provisions of Government Code of the State of California, Sections 800 through 1000, including but not limited to Sections 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 822.2.

Eleventh Affirmative Defense:

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that they are protected by the affirmative defenses provided by California Penal Code Sections 197, 834(a), 835 and 835(a).

Twelfth Affirmative Defense:

AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to mitigate his damages.

Thirteenth Affirmative Defense:

AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's wrongful and violent conduct was the sole cause of the incident and the injuries complained of by Plaintiff.

//
//
//
//
//
//
//

Defendants' Answer to 1st Amended Complaint                                                                 C07-0368 JW
497051

WHEREFORE, these answering Defendants pray:

1. That Plaintiff takes nothing by his First Amended Complaint;

2. That Plaintiff's First Amended Complaint be dismissed with prejudice;

3. That Defendants be awarded their costs of suit, including attorneys' fees incurred herein; and

4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: July 31, 2008

RICHARD DOYLE, City Attorney

By: _____/s/_____
MICHAEL R. GROVES
Sr. Deputy City Attorney

Attorneys for Defendants,
CITY OF SAN JOSE, ROBERT DAVIS, OFCR. PIERRE VIDA, OFCR. RODNEY DANIELS, OFCR. STEPHEN GREENLEE, SGT. JOE HERNANDEZ, OFCR. ANTHONY LUISI, and OFCR. DAVID SANTIAGO

## JURY TRIAL DEMAND

These answering Defendants hereby demand a jury trial.

Dated: July 31, 2008

RICHARD DOYLE, City Attorney

By: _____/s/_____
MICHAEL R. GROVES
Sr. Deputy City Attorney

Attorneys for Defendants,
CITY OF SAN JOSE, ROBERT DAVIS, OFCR. PIERRE VIDA, OFCR. RODNEY DANIELS, OFCR. STEPHEN GREENLEE, SGT. JOE HERNANDEZ, OFCR. ANTHONY LUISI, and OFCR. DAVID SANTIAGO